# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5513 | **DATE** | 11-28-2011 |
| **CASE TITLE** | Doiakah Gray (K-70373) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Doiakah Gray's motion for leave to proceed *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $6.70 and authorizes the trust fund officer at Gray's place of confinement to make deductions from Gray's account in accordance with this order. The Clerk is requested to mail a copy of this order to the trust fund officer at Stateville Correctional Center, and to issue summonses for service of the complaint on Defendants. The United States Marshals Service is appointed to serve the Defendants. Gray's motion for the appointment of counsel [4] is denied without prejudice. The Clerk is requested to send to Gray a magistrate judge consent form and filing instructions along with a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Doiakah Gray (K-70373), an inmate at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against Stateville Wardens Marcus Hardy and D. Edwards; Statville Grievance Officer Colleen Franklin; Wexford Health Sources Director Kevin Halloran; and former, acting, and current Stateville Medical Directors Dr. Ghosh, Dr. Shute, Dr. Catlino Bautista, and Dr. Carter. Gray's alleges that he was unable to receive an examination by a cardiologist and a heart monitor, which Dr. Ghosh indicated was needed following a September 2010 examination. Gray seeks to proceed *in forma pauperis*.

    Gray's *in forma pauperis* application reveals that he is unable to prepay the filing fee, and the court thus grants his motion to file his complaint as a pauper. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $6.70. The trust fund officer at Gray's place of confinement is authorized to collect, when funds exist, the partial filing fee from Gray's account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Gray's name and the case number of this case. Gray shall remain responsible for this filing fee obligation, and Stateville inmate trust account officers shall notify transferee authorities of any outstanding balance in the event he is transferred.

    The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Gray alleges that he experienced heart palpitations in 2009 and 2010, and that Dr. Ghosh recommended that Gray be examined by a cardiologist and be placed on a heart monitor. Gray alleges that he never was never seen by a cardiologist and never placed on a heart monitor. He further alleges that he wrote letters and grievances to Stateville officials and physicians, as well as the director of Wexford Health Sources, but to no avail.

    Gray's allegations state coloarble colorable claims against Defendants. *See Gayton v. McCoy,* 593 F.3d

| STATEMENT |
|---|

610, 620 (7th Cir. 2010); *see also Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (nontreating doctors and nonmedical officials "can be chargeable with … deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner ") (internal quotes and citation omitted). Accordingly, the clerk shall issue summonses for service of the complaint on the Defendants.

The United States Marshals Service is appointed to serve Defendants Partha Ghosh, Catalino Bautista, Shute, and Carter, as well as Wexford Director Kevin Halloran, Stateville Wardens Marcus Hardy and D. Edwards, and Statevile Grievance Officer Colleen Franklin. The Marshal shall send Gray any service forms that he must complete. Gray's failure to return those forms to the Marshal may result in the dismissal of unserved Defendants. With respect to any former employee who can no longer be found at the work address provided by Gray, Stateville or Wexford officials shall furnish the Marshal with that employee's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, shall be retained only by the Marshal, and shall not be kept in the court file. The Marshal is authorized to mail requests for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If waivers of service are not obtained, the Marshal shall then attempt personal service.

Gray is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Gray must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. He must also send an exact copy of any court filing to Defendants, or to their counsel if an attorney enters an appearance for them. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Gray.

Gray's motion for the appointment of counsel is denied without prejudice. Gray does not sufficiently indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Gray's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).